UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| REGINALD MILES,<br><br>     Plaintiff,<br><br>     v.<br><br>CUNNINGHAM, et al.,<br><br>     Defendants. | Case No. 26-cv-01139-LB<br><br>**SCREENING ORDER**<br>Re: ECF No. 1 |

**INTRODUCTION**

The plaintiff, who is representing himself and proceeding in forma pauperis, sued the U.S. Marshals Service, the General Services Administration, and Officer Cunningham, for impolite treatment he received at the security checkpoint in the federal building at 450 Golden Gate Avenue, San Francisco, California. Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(3) — the complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The complaint does not allege a claim. The plaintiff may file a supplement by July 20, 2026, with additional facts. If he does not, his complaint may be dismissed.

ORDER – No. 26-cv-01139-LB

<strong>STATEMENT</strong>

The plaintiff, "a professionally dressed Black man," visited the federal building on June 5, 2025. He presented his identification to security. Officer Cunningham, "without provocation or security justification, responded to Plaintiff with hostility," asking, "What do you want?" and, "You need to learn how to act when you come into a federal building."[1] Officer Cunningham told the plaintiff to use a different entrance and refused to spell his name. At the other entrance, "officers mirrored Defendant Cunningham's posture, surveilled Plaintiff, and created an intimidating and humiliating environment despite Plaintiff's compliance and lawful presence."[2]

The plaintiff reported the incident to defendant Walden Security and requested security footage. David Arata, a supervisor employed by Walden Security, informed the plaintiff that the incident was being investigated, confirmed completion of the investigation on June 17, 2025, and did not provide the results of the investigation or the security footage.[3] On June 11, 2025, the plaintiff made a settlement offer that the defendants ignored.[4]

The plaintiff claims that the events were "disparate treatment, racial profiling, and abuse of authority under color of law."[5] He filed a complaint on February 5, 2026, seeking, in part, compensatory and punitive damages of 350,000 dollars respectively against each defendant, costs, interest, and "attorney-fee equivalent relief."[6]

<strong>ANALYSIS</strong>

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It may fail by lacking a cognizable legal theory or sufficient facts under one. *Woods v. U.S. Bank N.A.*, 831 F.3d 1159,

[1] Compl. – ECF No. 1 at 2–3 (¶¶ 10–12, 15). Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* (¶¶ 12, 14).

[3] *Id.* at 3 (¶¶ 16–18); *see* Emails, Ex. 1 to Miles Decl. – ECF No. 1-1 at 4–14.

[4] Compl. – ECF No. 1 at 3 (¶ 19).

[5] *Id.* (¶ 15).

[6] *Id.* at 4 (¶¶ 25, 27).

ORDER – No. 26-cv-01139-LB                    2

1162 (9th Cir. 2016). The court accepts factual allegations as true and construes them favorably to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). But allegations must state a plausible claim. *Twombly*, 550 U.S. at 570. A pro se complaint is construed liberally, and the plaintiff need only allege facts — not specific legal theories — that, if true, would entitle him to relief. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

*Bivens* allows an action only in narrow circumstances for claims against federal officers. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U. S. 388, 389–98 (1971) (implied cause of action for damages against federal officers for certain alleged violations of the Fourth Amendment); *Egbert v. Boule*, 596 U. S. 482, 486 (2022) (post-1980 *Bivens* "cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts;" no cause of action for First Amendment retaliation or violations of the Fourteenth Amendment); *Goldey v. Fields*, 606 U.S. 942, 942–45 (2025) (per curiam) (no Eighth Amendment claim under *Bivens* for excessive force by BOP officers). It does not extend to lawsuits for damages against agencies. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (*Bivens* does not apply to federal agencies); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70–74 (2001) (*Bivens* does not apply to private corporations operating under color of federal law). There is no respondeat superior liability under *Bivens*. *Bibeau v. Pac. Nw. Rsch. Found. Inc.*, 188 F.3d 1105, 1114 (9th Cir. 1999), *as amended*, 208 F.3d 831 (9th Cir. 2000).

Even assuming that a *Bivens* remedy is available, there is no constitutional violation for impoliteness during a person's entry into the building. Also, the federal building has two entrances, one for the public and one for employees, which allows security officers to direct visitors to a different entrance. Moreover, there was no denial of access to the courts. *Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (the First Amendment provides a constitutional right to petition the government for a redress of grievances, which includes a "reasonable right of access to the courts").

Finally, to the extent that there is a basis for a claim under the Federal Tort Claims Act, which is unlikely, there is a requirement of pre-suit presentation of an administrative claim. 28 U.S.C. § 2675(a); *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002) (presentment requires a written notice

United States District Court
Northern District of California

ORDER – No. 26-cv-01139-LB                    3

sufficient to enable the agency to investigate and a demand for a sum certain); *Moody v. United States*, No. 18-cv-00788-WHO (PR), 2018 WL 2387851, at *2 (N.D. Cal. May 25, 2018). Any FTCA claim lies against the U.S. government, not individuals. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

Any issues of spoliation in the form of any destruction of video footage are addressed during litigation. There are no viable claims.

## CONCLUSION

Any supplement must be filed by July 20, 2026, and must explain exactly what happened. A failure to submit the supplement may result in dismissal of the case.

**IT IS SO ORDERED.**

Dated: June 19, 2026

_____

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California